Francisco Pérez Fernández, Appellant, *v.* Registrar of Property of San Juan (First Section), Respondent.

No. 1225. Submitted December 3, 1947.—Decided December 23, 1947.

*H. Torres Solá* and *María A. Torres Capó* for appellant. The registrar appeared by brief.

Mr. Justice Marrero delivered the opinion of the Court.

By deed No. 39 executed in the city of San Juan before Notary Heriberto Torres Solá, Leonardo Viera Méndez and his wife, Juana Ortiz, sold to Francisco Pérez Fernández and his wife, Elisa Giménez Cerra, an urban property located in Eduardo Conde Avenue in Santurce. It was stated in the deed that the lot had an area of 505.40 square meters and that the vendors had already segregated 171.39 square meters therefrom. Also, that after summoning the adjoining landowners and the Government of the Capital, a survey was made which showed that the remaining portion of the lot in which the property sold was located contained 422.86 square meters.

Upon said deed being presented to the Registrar of Property of San Juan (First Section),[1] he entered at the foot thereof the following notation:

"Recorded on the reverse of page 71, volume 88 of North Santurce, property 3118 [2], 11th inscription, but with respect to the lot only as to the area of 400.8120 sq. m. with which said lot appears in the registry plus 20 per cent of its area in accordance with the

[1] The "Certificate of Survey" as well as the plat made by the civil engineer which made such survey accompanied the deed upon its presentation.

survey, and denied as to the excess of 22.0480 sq. m. pursuant to what has been repeatedly held by our Supreme Court; and a cautionary notice for 120 days has been entered instead, at the same page and volume aforesaid. Free from encumbrances. San Juan, May 26, 1947.''

The purchaser Francisco Pérez Fernández thereupon instituted the present administrative appeal, and in support thereof he urges that:

''The registrar erred in refusing to record the 22.0480 square meters as part of the corrected remaining area of a lot of 647 square meters, after deducting from that area two segregations of 141.60 square meters and 171.39 square meters, respectively.''

The petitioner bases his appeal mainly on the cases of *Mattei* v. *Registrar,* 53 P.R.R. 433 and *Gaya* v. *Registrar,* 63 P.R.R. 769.

It is true that in the first of those cases (*Mattei* v. *Registrar*) we stated, at page 437:

''As the appellant has a written dominion title recorded in the registry, from which a description clearly appears of the boundaries of the property and it was within such boundaries that the new survey was carried out, *if from such a survey a greater area resulted than that appearing from the registry, and the difference between the recorded area and the area resulting from the new survey exceeded 20 per cent,* the speediest, fairest, and most adequate *procedure,* sanctioned by the decisions of this court, *would be to make a survey of the piece of property after summoning the adjoining property owners. If the difference were less than 20 per cent, the registrar has power to make the proper correction in the books of the registry, even though the adjoining property owners may not have been summoned.* See *Cobb* v. *Registrar,* 12 P.R.R. 211; *Delgado* v. *Registrar,* 29 P.R.R. 807; *Ripoll* v. *Registrar,* 40 P.R.R. 773; *Muriente* v. *Registrar,* 47 P.R.R. 232; *Aboy* v. *Cintrón,* 52 P.R.R. 143; Odriozola, *Jurisprudencia Hipotecaria,* pp. 772–777.'' (Italics ours.)

However, the foregoing statements are not supported by the cases cited therein. They have not been followed in subsequent decisions of this Court.

In the second of the cases relied on by the petitioner (*Gayá* v. *Registrar*), the excess area was slightly greater than 20

per cent. However, as we clearly stated in *Estrada* v. *Registrar*, 65 P.R.R. 909, 910, referring to the *Gaya* case, *supra*, " . . . the registrar merely stated that the adjacent landowners should appear in the deed and accept the existence of the excess and we held that this was not necessary. No stress was laid by the registrar in the *Gayá* case on the question that the excess in the area was greater than 20 per cent, possibly because it was only eighty-eight thousandths (.088) of an acre."

We also stated in the case of Estrada, *supra*, at p. 911, that "We have never held that the record of any excess in the area of a property or of a lot again surveyed is proper, but *the scope of our decision has been confined to those cases where the difference in the area is of slight importance, the maximum difference being limited to 20 per cent . . .*" (Italics ours.) Those are still our views.

The above-quoted paragraph from the case of *Mattei* v. *Registrar, supra,* was *sub silentio* reversed by *Land Authority* v. *Registrar*, 62 P.R.R. 483, and *Estrada* v. *Registrar, supra*. Now it should be expressly overruled. The doctrine laid down in the two cases last cited is the correct one.

In the case at bar the survey was made with the summoning of the adjoining landowners, the survey as well as the service of notice was established, and the certificate of a civil engineer to that effect was attached to the deed. But the excess in area turned out to be greater than 20 per cent and said excess could not be recorded in the manner sought. In order to do so, resort should be had to the supplementary remedies provided by the Mortgage Law.

On the other hand, the petitioner insists that since the original area of the property was 647 square meters and 141.60 and 171.30 square meters were segregated therefrom, which segregations formed two different properties, and since the surveyor, in order to measure the remaining portion, summoned the adjoining landowners, including the owners of

the two segregated properties, and measured not only the remaining portion itself, but also the total area of the property, such as it was prior to the segregations, the excess in area was actually less than 20 per cent, and, therefore, the record of such an excess was proper in accordance with the decisions of this Court. We do not agree. The property which is sought to be recorded is at the present time separate and independent from the properties which were segregated, and the only thing that the registrar had before him was the excess of the remaining portion. Said excess area, as we have already stated, was greater than 20 per cent.

The decision appealed from should be affirmed.